**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutrition Distribution LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Black Diamond Supplements LLC, et al.,<br><br>　　　　Defendants. | No. CV-17-01869-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Nutrition Distribution LLC's Motion for Leave to Conduct Discovery on Damages Issues, (the "Motion," Doc. 14). The Motion also encompasses a Request for Judicial Notice, (the "Request," *id.* at 6 n.1). The Court now rules on the Motion and Request.

**I.　BACKGROUND**

On June 16, 2017,[1] Plaintiff filed its Complaint against Defendants Black Diamond Supplements LLC and Supplement Fusion LLC asserting one claim for relief of False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act. (*See* Doc. 1); *see also* 15 U.S.C. § 1125(a)(1)(B) (2012). On June 21, 2017, Plaintiff completed service of process on both Defendants. (*See* Docs. 10, 11). After Plaintiff filed an application for entry of default, the Clerk of the Court entered default as to both Defendants on August 7, 2017. (Doc. 13).

---

[1] Plaintiff puzzlingly asserts that it filed its Complaint on April 12, 2017. (Doc. 14 at 3).

## II. REQUEST FOR JUDICIAL NOTICE

Plaintiff requests the Court take judicial notice of three court orders. (Doc. 14 at 6 n.1). These orders include the following: (1) Order Authorizing Plaintiff to Obtain Discovery, *Nutrition Distribution LLC v. Icon Supplements, LLC*, CV-16-03572-PHX-JJT (D. Ariz. Mar. 8, 2017); (2) Order Authorizing Plaintiff to Conduct Discovery to Ascertain Damages in Support of Anticipated Motion for Default, *Nutrition Distribution LLC v. DuraCap Labs LLC*, CV-16-00460-PHX-GMS (D. Ariz. Sept. 12, 2016); and (3) Order Authorizing Plaintiff to Conduct Discovery to Ascertain Damages in Support of Anticipated Motion for Default, *Nutirition Distribution LLC v. NutraClipse, Inc.*, CV-17-01087-PHX-SPL (D. Ariz. Aug. 9, 2017). (*See* Docs. 14-2; 14-3; 14-4).

A court may take judicial notice of information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determine from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." *Id.* at 201(d). Here, because prior court proceedings are proper subjects of judicial notice, *see Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 983 (D. Ariz. 2013), the Court will grant Plaintiff's request to take judicial notice of the three court orders.

## III. MOTION TO CONDUCT DISCOVERY

Plaintiff moves, "pursuant to Federal Rules of Civil Procedure ["Federal Rules"] 26(d)(1) and 55(b)(2)," for the Court "to grant leave to Plaintiff to conduct discovery on the issue of damages after entry of default against [the Defendants]." (Doc. 14 at 2). In particular, Plaintiff "intends to seek discovery on the online payment gateway services such as PayPal used by Defendants, as well as any institutions with which Defendants hold financial accounts, in order to ascertain Defendants' revenue from its sales of falsely advertised products." (Doc. 14 at 6–7).

"The Federal Rules of Civil Procedure distinguish between parties and non-parties

in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); *see also In re Liu*, 282 B.R. 904, 908–09 (Bankr. C.D. Cal. 2002) (describing the different discovery tools available for use against parties versus non-parties to the litigation). Although the Federal Rules do not specify the mechanisms available to a plaintiff to take discovery of a defaulting defendant, the Ninth Circuit Court of Appeals (the "Ninth Circuit") has held that "a defaulted defendant should be treated as a non-party." *Jules Jordan*, 617 F.3d at 1159.

Here, it is not entirely clear whether Plaintiff seeks the Court's leave to utilize discovery mechanisms that are only available to conduct discovery of a party. Because Ninth Circuit precedent is clear that the Court may not treat Defendants as "parties" for the purposes of complying with discovery obligations, the Court will construe Plaintiff's Motion as simply requesting leave to obtain discovery through Federal Rules applicable to non-parties.[2] *See, e.g.*, *W. Metal Indus. Pension Tr. v. Ruthford's Auto Rebuild, Ltd.*, No. C06-525P, 2006 U.S. Dist. LEXIS 74274, at *4 (W.D. Wash. Oct. 12, 2006) (denying a motion to compel pursuant to Federal Rule 37 against a defaulting defendant but allowing a plaintiff to utilize Federal Rule 45 for discovery of a defaulting defendant).

///
///
///
///
///
///
///
///

---

[2] The Court notes that this interpretation is consistent with the types of discovery Plaintiff detailed in its request. (*See* Doc. 14 at 6–7). Further, to the extent Plaintiff seeks to utilize discovery mechanisms provided in the Federal Rules solely for discovery of parties, Plaintiff has not provided any argument that this Court can disregard Ninth Circuit precedent on the issue.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff Nutrition Distribution LLC's Request for Judicial Notice, (Doc. 14 at 6 n.1).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to Conduct Discovery on Damage Issues, (Doc. 14), consistent with the limitations outlined above.

Dated this 31st day of August, 2017.

James A. Teilborg
Senior United States District Judge